HANSCHKE *v.* MERCHANTS CREDIT BUREAU.

1. LIBEL AND SLANDER—PRIVILEGE—MEMBERS OF CREDIT BUREAU.
   If privilege relation exists between merchants credit bureau and its subscribers, it may not be extended to outsiders.

2. SAME—FALSE STATEMENT IN BULLETIN PUBLISHED BY CREDIT BUREAU NOT PRIVILEGED.
   False statement in effect proclaiming plaintiff to be criminal, published by merchants credit bureau in bulletin voluntarily circulated among its members and furnished gratuitously to others, was not privileged.

On report of mercantile agency as a privileged communication, see annotation in 36 L. R. A. (N. S.) 452.
Privilege of reports of mercantile agencies as affected by extent of publication, see annotation in 20 L. R. A. (N. S.) 366.

3. SAME—INJURY TO FEELINGS—EXCESSIVE VERDICT.

Verdict of $3,500 for injury to plaintiff's feelings in falsely charging him, in publication given wide circulation in community where he lived and worked, with attempting to commit crime, *held*, not excessive.

Appeal from Wayne; Sample (George W.), J., presiding. Submitted October 6, 1931. (Docket No. 20, Calendar No. 35,843.) Decided December 8, 1931.

Case by Louis Hanschke against Merchants Credit Bureau, a Michigan corporation, and another, for libel. Judgment for plaintiff. Defendants appeal. Affirmed.

*Alean B. Clutts* (*I. Ernest Sachs* and *S. Amer Cox*, of counsel), for plaintiff.

*Edgar C. Braun*, for defendant Merchants Credit Bureau.

*Leon Dreifuss*, for defendant Boyer.

McDONALD, J. This is an action to recover damages for libel. In December, 1926, the plaintiff was employed in the city of Detroit as auditor and salesman for the Chelsea Rubber Co. The defendant Merchants Credit Bureau is a corporation organized for the benefit and protection of merchants in the city of Detroit. Its secretary testified:

"Our corporation is engaged in the business of procuring and preserving information regarding persons and corporations, partnerships and companies, for the purpose of protecting our subscribers and our membership, and furnishing them with such information upon request."

The defendant Boyer is a member of the Merchants Credit Bureau. On information furnished by him, the bureau published the following matter of and concerning the plaintiff:

"Hanschke, L. F.

"It has been reported that the above party, representing the Chelsea Rubber Company, Chelsea, Michigan, presented a check for merchandise in the amount of $47.65 to a local member, and while they were seeking information on the telephone, he disappeared. The check was drawn on the Grand Rapids National bank. If this party comes to your attention, notify this office."

It is conceded that the publication was false. On demand, defendant published a retraction. This suit was brought. The plaintiff was given a judgment for $3,500 in a trial by the court without a jury. The defendants appealed.

The defendants' plea of qualified privilege presents the principal question in the case. The Merchants Credit Bureau is a corporation organized for profit. Its articles of association announce the purpose of the corporation to be as follows:

"Collecting, compiling, preserving of reports and information concerning the financial standing, reputation and responsibility of individuals, firms and corporations, and for the purpose of furnishing and selling such reports to members of and subscribers to this corporation, and to other persons, firms and corporations; and for the further purpose of collecting accounts, claims and demands of any individual, firm or corporation desiring said service."

In carrying out the purpose of its organization, it contracts with subscribers and members to furnish such information on request, and provides that all information furnished shall be for the sole use and

benefit of the subscribers and shall be held by them in strict confidence. One feature of the service not required by the contract is the publication and circulation of a weekly bulletin which:

"Gives a summary of all the cautionary notices received during the week, such as fraudulent checks passed, illegal buying, forgery, stolen checks, and post office money orders, names upon whom the bureau has received important information, lost and found addresses, and any other items of general interest to the membership."

In one of such bulletins the libel declared upon in this suit was published. It was sent to the 700 paid members in Detroit and gratuitously to others outside of the city, including the Border Cities Credit Bureau of Windsor, Ontario, the credit bureau of Flint, Michigan, the credit bureau of Pontiac and of Saginaw and Port Huron.

If it may be said that a privilege relation existed between the defendant bureau and its subscribers, it certainly cannot be extended to outsiders.

"A communication from a mercantile agency is privileged only when made to one having an interest in the particular matter and not when it is published in a report for general circulation among subscribers." 36 C. J. p. 1267, § 253, citing *Pollasky* v. *Minchener,* 81 Mich. 280 (9 L. R. A. 102, 21 Am. St. Rep. 516).

The information contained in the publication in question was not requested by any of the subscribers. Their contract did not call for it. The added feature of the bureau service in conveying information by bulletin was voluntary. It was given a wide circulation not only in the city of Detroit but elsewhere. It carried the defamatory matter not only

to subscribers but to others. It was not privileged. *Pollasky* v. *Minchener, supra,* is controlling.

The only other question which we think requires discussion relates to the amount of the judgment. The court allowed $3,500 for injury to feelings. Defendants say it is excessive.

After the publication of the libelous article, it was called to the attention of plaintiff's employer by Mr. Wagner, one of the credit bureau's subscribers. Mr. Wagner said to the plaintiff, "It looks like you are a thief." The plaintiff was shocked and hurt. He grew despondent, and in his despondency said to his wife, "I have been branded as a thief throughout the city of Detroit, and possibly the whole State of Michigan for all I know, by the Merchants Credit Bureau." He had theretofore borne a good name. A good name is more highly prized by a good man than great riches. When robbed of it by being publicly and falsely proclaimed a criminal, it is difficult to estimate the extent of the shame and humiliation that comes to him. Compensation for such injuries cannot be determined by any fixed rule. It can only be properly measured by a consideration of the plaintiff's previous good reputation, his character and standing in the community where he lived and worked, the nature of the defamatory matter, the fact that it charged him with attempting to commit a crime, and the wide publicity given to it. When the plaintiff's injuries are so considered, we think the compensation allowed by the circuit judge is quite reasonable.

The judgment is affirmed, with costs to the plaintiff.

Butzel, C. J., and Wiest, Clark, Potter, Sharpe, North, and Fead, JJ., concurred.